IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. PILENZA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20cv00765 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JUDGE DRISCAL, | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Christopher A. Pilenza, an inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against a General District Court Judge.[1] Pilenza seeks leave to proceed *in forma pauperis* with this action. Having reviewed Pilenza's application and complaint, the court grants his request to proceed *in forma pauperis* but concludes that Pilenza fails to state a cognizable § 1983 claim against the defendant. Therefore, the court will dismiss Pilenza's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Pilenza alleges that he was detained at the courthouse in Nelson County on a Connecticut arrest warrant. Pilenza claims that when he appeared before Judge Driscal, the judge asked Pilenza if he would like to waive a challenge to extradition but then "failed to have [him] sign [the] requisite form." Pilenza claims that this "deficiency" resulted in "22 extra days served at ACRJ/or the first 34 days not properly held in account." Pilenza argues that "[c]ourt error cannot result in 'dead time.'"

---

[1] Pilenza also named "Unknown Agents of Fairfield" and the Connecticut Police as defendants to this action, but the court severed the claims against those defendants and transferred that action to the United States District Court for the District of Connecticut. (*See* ECF No. 4 and Civil Action No. 7:21cv58.)

Pilenza's claim against Judge Driscal fails because the judge is entitled to absolute immunity. Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion.[2] *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 U.S. Dist. LEXIS 114247, at *6, 2009 WL 4730716, at *2 (E.D. Va. Dec. 8, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds by Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). Judges are entitled to immunity even if "the action [they] took was in error, was done maliciously, or was in excess of [their] authority . . . ." *Stump*, 435 U.S. at 356. Accordingly, Judge Driscal is entitled to judicial immunity and the court will dismiss Pilenza's complaint pursuant to § 1915(e)(2)(B)(ii).

**ENTERED** this 28th day of January, 2021.

        /s/ Thomas T. Cullen
        HON. THOMAS T. CULLEN
        UNITED STATES DISTRICT JUDGE

---

[2] Only two exceptions apply to judicial immunity: (1) nonjudicial actions and (2) those actions, "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citation omitted). Neither exception applies here.